Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2494 | **DATE** | June 26, 2012 |
| **CASE TITLE** | Charles Perkins (#2011-1128056) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to: (1) reopen the case; (2) file the amended complaint; (3) issue summonses for service on defendants Bratlien and Calvin by the U.S. Marshal; (4) terminate all other defendants pursuant to the amended complaint, Fed. R. Civ. P. 15(a), and 28 U.S.C. § 1915A; and (5) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, a pretrial detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by denying him due process in jail disciplinary proceedings and by retaliating against him. More specifically, the plaintiff alleges that his entire tier was placed on lockdown as punishment for two inmates' lawsuits, and that he and his fellow detainees were summarily disciplined for no valid reason.

By Minute Order of June 2, 2012, the court dismissed this case in light of the plaintiff's failure to amend his complaint as directed. The plaintiff has now belatedly complied with the court's deficiency order.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states colorable causes of action under the Civil Rights Act. Although correctional officials have "considerable leeway" to punish a pretrial detainee for misconduct committed while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of due process. *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Furthermore, correctional officials may not retaliate against a prisoner for engaging in activity protected by the First Amendment, including filing lawsuits. *See, e.g., Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Nitz*
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

*v. Doe*, No. 08 C 0334, 2010 WL 4823363, *4 (N.D. Ill. Nov. 18, 2010) (Hibbler, J.) While a more fully developed record may belie the plaintiff's claims, defendants Bratlien and Calvin must respond to the allegations in the amended complaint.

However, Cook County is dismissed as a defendant. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Nor has the plaintiff alleged the existence of a county policy or custom causing the alleged constitutional violations. A municipal body is responsible under Section 1983 only when the execution of a governmental policy or custom inflicts the injury. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009), citing *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 691 (1978). A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy, or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003). In this case, the plaintiff has alleged no such municipal custom, policy, or practice.

The clerk shall reopen the case, file the amended complaint, and issue summonses for service of the amended complaint on defendants Bratlien and Calvin. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either officer can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.