**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES PERKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 12 C 2494** |
| | ) | |
| **vs.** | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **COOK COUNTY MUNICIPALITY,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner proceeding *pro se*, sues defendants, two officers at Cook County Jail, pursuant to 42 U.S.C. § 1983 for their alleged violations of his constitutional rights. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons stated in this order, the motion is granted.

## Local Rule 56.1

Together with their motion for summary judgment, defendants included a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment," as required by circuit precedent. That notice explained in detail the requirements of the Local Rules governing summary judgment and warned plaintiff that his failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Although granted over three months to do so, plaintiff failed to file a response to defendants' motion. Thus, the Court finds that the following facts, all supported by the record, are undisputed for purposes of this motion.

At all times relevant to this suit, plaintiff was a pretrial detainee at Cook County Jail, defendant Scott Bratlien was plaintiff's cell house superintendent and defendant Toni Calvin was a sergeant assigned to plaintiff's housing unit. (Defs.' LR 56.1(a) Stmt. ¶¶ 6-8.)

On February 6, 2012, Bratlien received a report from the Cook County Sheriff's Criminal Intelligence Unit that there was gang unrest on plaintiff's tier. (*Id.* ¶ 11.) Based on this information, Bratlien placed the entire tier on lockdown to prevent an outbreak of gang violence. (*Id.* ¶ 12.)

On February 7, 2012, inmates on the tier, apparently in frustration over the lockdown, flooded the housing unit and threw garbage from their cells into the common area. (*Id.* ¶ 15.) The next day, an officer who is not a defendant issued a disciplinary report to plaintiff, charging him with having taken part in the disturbance. (*Id.* ¶ 16; Defs.' Ex. C-1, Inmate Disciplinary Report.)

After a hearing before a three-judge committee that included defendant Calvin, plaintiff was found guilty of the charge and ordered to pay $75.00 in restitution. (Defs.' LR 56.1(a) Stmt. ¶¶ 21-23.) Plaintiff did not appeal the disciplinary conviction or file a grievance about the disciplinary process. (*Id.* ¶¶ 26-32.)

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Plaintiff asserts that defendants violated his First Amendment rights when they locked down his tier in retaliation for the litigation activities of another inmate, Larry Banks. In other words, plaintiff claims that he was punished for Banks' constitutionally-protected activity, not his own. However, plaintiff has standing to assert Banks' First Amendment rights only if plaintiff has suffered an injury in fact, has a close relationship to Banks and can demonstrate that there is "some hindrance to [Banks'] ability to protect his . . . own interest[s]." *Marin-Garcia v. Holder*, 647 F.3d 666, 670 (7th Cir. 2011). There is no evidence to suggest that Banks cannot protect his own interests; in fact, the Court's own docket establishes that he can. *See Banks v. Dart*, 12 C 8694; *Banks v. Dart*, 12 C 4334; *Banks v. Dart*, No. 12 C 4333; *Banks v. Dart*, 12 C 1636; *Banks v. Cook Cnty.*, 12 C 242. Because plaintiff does not satisfy the criteria for asserting another's claims, he does not have standing to pursue the First Amendment retaliation claim.

If the lockdown claim is viewed through the lens of due process, plaintiff would have standing to assert it, but it still fails on the merits.[1] An inmate does not have a constitutionally-protected right to mingle with the general prison population unless the state has created such a right. *Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir. 1991); *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("Mr. Antonelli has no general liberty interest in movement outside of his cell guaranteed by the Due Process Clause."). To create such an interest, the state must use "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed and that the challenged action will not occur absent specific substantive predicates." *Woods v. Thieret*, 903 F.2d 1080, 1082 (7th Cir. 1990) (quotations omitted). "In other words, a liberty interest is created only where the state regulation . . . contains specific directives to the

---

[1] The record suggests that plaintiff exhausted administrative remedies for this claim. (*See* Defs.' LR 56.1(a) Stmt. ¶¶ 26-28.)

decisionmaker that if the regulation['s] substantive predicates are present, a particular outcome must follow." *Id.* at 1082-83 (quotations omitted). The Illinois regulation pertaining to lockdowns contains no such language. *See* 20 Ill. Adm. Code § 501.120 ("The Chief Administrative Officer may confine committed persons temporarily in all or part of the facility when determined necessary in order to maintain security of the facility or the safety of committed persons, employees or other persons."). Accordingly, defendants are entitled to judgment as a matter of law on any due process claim arising from the lockdown.

Plaintiff's remaining due process claims, which are based on the disciplinary process, fail for lack of exhaustion. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999) ("[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim."). To satisfy the exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system," *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004), in the form and at the time that the grievance system requires, *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

It is undisputed that plaintiff did not appeal his disciplinary conviction or file a grievance with respect to the disciplinary process. (*See* Defs.' LR 56.1(a) Stmt. ¶¶ 26-32.) Because the record establishes that plaintiff did not exhaust administrative remedies, the Court cannot consider the merits of his due process claims. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

**Conclusion**

For the reasons set forth above, the Court finds that there is no genuine issue of material fact as to the claims plaintiff asserts against defendants, who are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is granted [45] and this case is terminated.

If plaintiff wishes to appeal this final order, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff chooses to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

**SO ORDERED.**                    **ENTERED: October 10, 2013**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**